COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


AGEE'S INC. AND
 PROVIDENCE WASHINGTON INSURANCE COMPANY
                                    MEMORANDUM OPINION*
v.    Record No. 0280-02-3            PER CURIAM
                                      AUGUST 6, 2002
KYLE BENTON McGUIRE


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Patricia C. Arrighi; Taylor & Walker, P.C.,
              on brief), for appellants.

              (Rhonda L. Overstreet; Lumsden, Overstreet &
              Hansen, on brief), for appellee.


     Agee's Inc. and its insurer (hereinafter referred to as

"employer") contend that the Workers' Compensation Commission

erred in finding that Kyle Benton McGuire (claimant) proved (1)

he sustained an injury by accident arising out of and in the

course of his employment on April 4, 2000; and (2) his

osteomyelitis of the spine, and subsequent disability, was

causally related to the laceration he sustained on his back as a

result of the April 4, 2000 injury by accident.[1]  Upon reviewing

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Dr. Raymond V. Harron, claimant's treating physician,
described osteomyelitis as an infection of the bone, which can
be contracted in many different ways.  One way would be when a
person gets a blood infection through a cut or laceration, and
then the infection settles in the bone.

the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

## I. Injury by Accident

"In order to carry [the] burden of proving an 'injury by accident,' a claimant must prove that the <u>cause</u> of [the] injury was an <u>identifiable incident or sudden precipitating event</u> and that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). Factual findings made by the commission will be upheld on appeal if supported by credible evidence. <u>See James v. Capitol Steel Constr. Co.</u>, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below. <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

Claimant testified that before April 4, 2000, he had no back problems, other than a "small muscle strain." On April 4, 2000, between approximately 3:00 p.m. and 3:45 p.m., while at work, he was leaning over an engine under the hood of a car, when the hood blew shut on his back. He immediately felt pain in his mid-back, but walked around for a few minutes and then went back to work. At the end of his shift, when he leaned down to pick up his toolbox, he could not move because of pain in his mid-back where the hood had struck him. He immediately reported

- 2 -

the incident to the sales manager, who carried claimant's toolbox to his father's car. Claimant's father drove him home.

Claimant testified that he had a "skinned mark, scrap [sic]" on his back where the hood hit him. He felt it, but could not see it. Claimant's father saw it. That night, claimant had trouble sleeping. When he awoke, he could not move. Claimant's father took him to the emergency room.

In his May 1, 2000 recorded statement given to the insurance carrier, claimant described the incident consistent with his hearing testimony. He stated that the hood fell on his back, and later, when he went to pick up the toolbox, he could not move.

In ruling that claimant sustained his burden of proving he suffered an injury by accident on April 4, 2000, the commission found as follows:

> [W]e agree with the deputy commissioner that the injury by accident, which occurred on April 4, 2000, when the hood fell on [the claimant's] back, resulted in the claimant's spinal infection and surgery. Although the history presented to the emergency room subsequent to the accident emphasized lifting up the toolbox as the inciting incident, in every recorded narrative of any length the claimant has repeated the same description of the hood incident. He gave this history to the insurance carrier in the recorded statement, as well as to the various medical experts who treated him. Moreover, the claimant's sworn testimony regarding the accident and the resulting laceration on his back is uncontradicted.

Claimant's uncontradicted testimony, which was corroborated by his recorded statement and by various medical records, constitutes credible evidence to support the commission's findings. The significance of claimant's focus on the lifting of the toolbox in the early medical records was a matter for the commission to weigh in assessing claimant's credibility. It did so and accepted claimant's testimony that the hood fell on his back, causing a laceration and severe pain. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Moreover, "[i]n determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

## II. Causation

In ruling that claimant sustained his burden of proving his osteomyelitis and subsequent disability were causally related to the April 4, 2000 injury by accident, the commission found as follows:

> Dr. Harron, the claimant's treating physician who performed the surgery, has stated unequivocally that this incident caused the claimant's disability and need for surgery. This opinion is not contradicted by any treating physician. The only contrary evidence is the opinion of

> Dr. [Murray J.] Goodman, who has never seen
> the claimant.  It is well established that
> the Commission defers to the unequivocal
> opinion of the treating physician over the
> opinion of an independent medical examiner
> hired by one party who has not seen the
> claimant.

Dr. Harron's medical reports, opinions, and deposition testimony, coupled with claimant's testimony, constitute credible evidence to support the commission's findings.  The commission, as well as Dr. Harron, considered the significance of the evidence of any cuts claimant may have had on his hands in the past or at the time of the April 4, 2000 accident.  Dr. Harron still opined to a reasonable degree of medical certainty that the pathogen entered claimant's blood stream as a result of the April 4, 2000 incident, when the hood fell on his back at about the level where his infection occurred, causing the subsequent infection and disability.  As fact finder, the commission was entitled to accept the opinion of Dr. Harron, the treating physician, and to reject the contrary opinion of Dr. Goodman, the independent medical examiner, who never examined claimant.  "Questions raised by conflicting medical opinions must be decided by the commission."  Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989).

Because credible evidence supports the commission's findings, they will not be disturbed on appeal. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>